IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HSBC BANK USA, N.A., as Trustee for ACE SECURITIES CORP. HOME EQUITY LOAN TRUST, SERIES 2006-0P1 c/o OCWEN LOAN SERVICING, LLC<br>1661 Worthington Road, Suite 100<br>West Palm Beach, FL 33409<br><br>    Plaintiff,<br><br>v.<br><br>BENJAMIN GRAVES a/k/a BENJAMIN A. GRAVES<br>249 Missouri Avenue<br>Washington, DC 20011<br><br>249 MISSOURI AVENUE COMMUNITY DEVELOPMENT, LLC<br>1100 4th Street SW<br>Washington, DC 20024<br><br>VINCENT L. ABELL<br>20 Ritchie Avenue, Apt. 32<br>Silver Spring, MD 20910<br><br>    Defendants.<br>_____<br><br>249 MISSOURI AVENUE COMMUNITY DEVELOPMENT, LLC,<br><br>    Cross-Plaintiff,<br><br>v.<br><br>VINCENT L. ABELL,<br><br>    Cross-Defendant. | Civil Action No.: |

**NOTICE OF REMOVAL**

Roger Schlossberg, the Chapter 11 Trustee for the Bankruptcy Estate of Vincent L. Abell (hereafter "the Trustee"), by and through his undersigned counsel, pursuant to 28 U.S.C. § 1452 and Fed. R. Bankr. P. 9027(a), hereby gives notice of the removal of the above-captioned action from the Superior Court for the District of Columbia to this Court. The grounds for removal are as follows:

1. On March 5, 2013 (the "Petition Date"), Vincent L. Abell (hereafter "the Debtor") filed a Voluntary Petition pursuant to Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Maryland.

2. On September 19, 2013, the United States Bankruptcy Court for the District of Maryland entered an Order approving the appointment of Roger Schlossberg as Trustee for the Debtor. The Trustee has accepted that appointment, has qualified and is acting in that capacity.

3. Upon the filing of the Debtor's bankruptcy petition, a bankruptcy estate was created consisting of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1); *see also Hardy v. Ross (In re Hardy)*, 561 B.R. 281, 287 (Bankr. D.D.C. 2016) (definition of estate property "is intentionally broad and will reach to bring within the estate every conceivable interest that the debtor may have in property"); *Rosen v. Dahan (In re Hoang)*, 469 B.R. 606, 616 (Bankr. D. Md. 2012) (bankruptcy estate "consists of every conceivable interest of the debtor in property as of the time the bankruptcy case is commenced, regardless of who has possession of it").

4. Included among the Debtor's property as of the Petition Date was all of his interest in certain real property located at 249 Missouri Avenue NW, Washington, DC 20011 (hereafter "the Property") by a virtue of a deed from Benjamin Graves, as grantor, to the Debtor, as grantee, dated June 23, 2004, which deed was recorded with the Recorder of Deeds of the

2

District of Columbia on Sept. 15, 2006 as instrument number 2006126210 (hereafter "the Abell Deed").

5. On December 15, 2015, HSBC USA Bank, N.A., as Trustee for Ace Securities Corp. Home Equity Loan Trust, Series 2006-0P1 c/o Ocwen Loan Servicing, LLC (hereafter "HSBC" or "Plaintiff"), commenced an action in the Superior Court for the District of Columbia against Benjamin Graves ("Graves") and 249 Missouri Avenue Community Development, LLC (hereafter "249 Missouri LLC") to foreclose upon the Property (hereafter "the HSBC Lawsuit").

6. On December 23, 2016, HSBC filed an Amended Complaint which named the Debtor as a party-defendant. In its Amended Complaint, HSBC alleged that the Debtor may "have an interest in the Property by virtue of" the Abell Deed. A true and accurate copy of HSBC's Amended Complaint is attached hereto as *Exhibit 1*.

7. On May 30, 2017, 249 Missouri LLC filed a Cross-Claim against the Debtor in the HSBC Lawsuit. In its Cross-Claim, 249 Missouri LLC alleges that it owns the Property by virtue of a deed from Benjamin Graves, as grantor, to 249 Missouri LLC, as grantee, dated Sept. 5, 2006, which deed was recorded in the District of Columbia on Sept. 6, 2006 as instrument number 2006121241 (hereafter "the Missouri Deed"). 249 Missouri LLC seeks to quiet title to the Property through a judicial declaration that it is the sole owner of the Property and that the Abell Deed is null and void. A true and accurate copy of 249 Missouri LLC's Cross-Claim is attached hereto as *Exhibit 2*.

8. The Debtor did not alert the Trustee to the existence of the HSBC Lawsuit, much less the Amended Complaint or the Cross-Claim, until early June, 2017. On June 12, 2017, the Trustee obtained a copy of the Amended Complaint in the HSBC Lawsuit. *See* June 12, 2017 email from Richard Goldberg, Esq. to Roger Schlossberg, Esq., attached hereto as *Exhibit 3*.

9. Although HSBC named the Debtor as a party-defendant in its Amended Complaint, the Trustee is the real party in interest under Fed. R. Civ. P. 17(b) because he became the representative of the Debtor's bankruptcy estate upon his appointment and qualification as the Chapter 11 Trustee, *see* 11 U.S.C. § 323, and succeeded to all right and title that the Debtor had in property of his bankruptcy estate at the time he filed his voluntary petition. *See* 11 U.S.C. § 541; *Rosen*, 469 B.R. at 616. Thus, the Trustee is the proper person to be a defendant in the HSBC Lawsuit.[1]

10. Under 28 U.S.C. § 1452(a), a claim or cause of action in a civil action may be removed to the district court for the district where the civil action is pending if the district court would have jurisdiction of the claim or cause of action under 28 U.S.C. § 1334. *See* 28 U.S.C. § 1452(a).

11. Under § 1334(b), district courts have original jurisdiction of "all civil proceedings arising under title 11, or arising in or related to cases under title 11" of the United States Code. 28 U.S.C. § 1334(b). The HSBC Lawsuit clearly is "related to" the Debtor's bankruptcy case because the claims asserted therein concern alleged property of the Debtor's bankruptcy estate, which property is subject to administration by the Trustee. *See Atkinson v. Kestell*, 954 F. Supp. 14, 16 (D.D.C. 1997) (a civil proceeding is related to a bankruptcy case if "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy") (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984)). Thus, removal of the HSBC Lawsuit is proper under § 1452(a).

---

[1] Accordingly, the Trustee will be filing a motion to substitute the Trustee as a Defendant and Cross-Defendant in place of the Debtor. Further, because the instant action could have been brought in the United States Bankruptcy Court for the District of Maryland, where the Debtor's bankruptcy case is pending, the interests of justice support a transfer of the HSBC Lawsuit to that court. Accordingly, the Trustee also will be filing a motion to transfer venue.

12. Removal of the HSBC Lawsuit is timely under 28 U.S.C. § 1446(b)(1) and Fed. R. Bankr. P. 9027(a)(3) because HSBC initiated the HSBC Lawsuit after the Debtor commenced his bankruptcy case and the Trustee is filing this Notice of Removal less than 30 days after the Trustee's receipt of the Amended Complaint in the HSBC Lawsuit.

13. Pursuant to Fed. R. Bankr. P. 9027(a)(1), the Trustee states that this action is a core proceeding as contemplated in 28 U.S.C. § 157(b)(2)(A), (K), (N) and (O).

    Respectfully submitted,

    SCHLOSSBERG, MASTRO & SCANLAN

By: */s/ Frank J. Mastro*
    Frank J. Mastro #459777
    Alfred L. Scanlan #395048
    Roger Schlossberg #419317
    18421 Henson Blvd., Suite 201
    Hagerstown, MD 21742
    (301) 739-8610
    fmastro@schlosslaw.com
    ascanlan@schlosslaw.com
    rschlossberg@schlosslaw.com
    *Attorneys for Roger Schlossberg, Trustee*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this **28th** day of **June, 2017**, I served a copy of the Trustee's *Notice of Removal* via first class, postage-prepaid mail upon:

Patrick Decker, Esq.
Jason T. Kutcher, Esq.
BWW Law Group, LLC
6003 Executive Blvd., Suite 101
Rockville, MD 20852
*Attorneys for Plaintiff*

Richard S. Stern, Esq.
419 7th Street, NW
Suite 405
Washington, DC 20004
*Attorneys for Defendant*
*249 Missouri Ave. Community Dev., LLC*

Amy Mix, Esq.
Deborah Hill, Esq.
Legal Counsel for the Elderly
601 E Street, NW
Washington, DC 20049
*Attorneys for Defendant,*
*Benjamin Graves*

Vincent L. Abell
20 Ritchie Avenue
Apt. 32
Silver Spring, MD 20910
*Defendant/Debtor*

                                   */s/ Frank J. Mastro*
                                   Frank J. Mastro